Ricky Eugene KERR, Appellant,

v.

The STATE of Texas, State.

No. 2–95–045–CR.

Court of Appeals of Texas,
Fort Worth.

April 25, 1996.

J. Stanley Goodwin, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Dawn A. Moore, Paul Stafford, Earl Dobson, Assistants, Denton, for State.

Before BRIGHAM, J., and CHUCK MILLER and H. BRYAN POFF, Jr., JJ. (Sitting by Assignment).

## OPINION

CHUCK MILLER, Justice (Sitting by Assignment).

Appellant Ricky Eugene Kerr was charged by information with the Class B misdemeanor offense of driving while intoxicated. A jury found him guilty of the offense as charged, and the judge sentenced Kerr to 120 days in the Denton County jail and a fine of $500.00. Kerr brings four points of error complaining of the admission of testimony concerning the administering of a horizontal gaze nystagmus ("HGN") test and also complaining that the evidence is insufficient to support the guilty verdict. We affirm.

Because the sufficiency of the evidence is challenged, we will review the facts of the case. On March 20, 1993, Denton County

Sheriff's Deputies Scott Hill and Scott Haney drove up to an accident on Grissom Road. A car was already down in the ditch that ran parallel to the road. Smoke was coming from the car, and as Hill and Haney watched, Kerr got out of the car from the driver's side. No one else was in or near the car. Kerr informed Hill and Haney that he was the driver. Both Hill and Haney testified that Kerr was attempting to drive the car back onto the road, that smoke and the odor of burned rubber was emanating from the car's tires, and Hill testified that he believed the tires were spinning until Kerr got out of the car. Only the failure of the tires to gain traction prevented it from returning to the road. Thus, both deputies concluded that Kerr was "operating" the motor vehicle in the ditch and that the ditch was a "public place."

Bill Durkee, a resident who lived nearby, testified that he was inside his home when he heard a car sliding on gravel and immediately went outside whereupon he saw Kerr getting out of the car. Kerr told Durkee that he had not been hurt and that his car was not damaged.

State Trooper Sergeant Scott Houghton testified that, responding to a report from the Denton County Sheriff's Office, he arrived at the scene of a one-car automobile accident. After determining that Kerr was the driver of the vehicle in the ditch, he investigated the circumstances of the accident and determined that Kerr had made a right turn at an unsafe speed, which caused the vehicle to spin out. Upon smelling alcohol on Kerr and observing that he had glassy, bloodshot eyes, Trooper Houghton administered several field sobriety tests, including an HGN test. After the tests were administered, Houghton arrested Kerr for DWI. At trial, he testified that in his opinion Kerr was intoxicated.

Kerr's brother testified for the defense. Through his testimony, he related that earlier in the evening he had given Kerr the car in question and that Kerr had gotten in the car and started it up as they both were leaving a party.

On appeal, Kerr contests the sufficiency of the evidence to prove that he oper-

ated the car.[1]  He cites *Self v. State*, 513 S.W.2d 832 (Tex.Crim.App.1974), *Threet v. State*, 157 Tex.Crim. 497, 250 S.W.2d 200 (1952), and *Folk v. State*, 797 S.W.2d 141 (Tex.App.—Austin 1990, pet. ref'd).  All three cases stand for the proposition that an accused's out-of-court confession cannot, standing alone, furnish the corpus delicti of the offense which, in this case, is that someone operated a motor vehicle in a public place while intoxicated.  TEX.PENAL CODE ANN. § 49.04(a) (Vernon Supp.1996); *Threet*, 250 S.W.2d at 200.  These cases also state, however, that if the confession is corroborated by some evidence, the confession may be used to establish the corpus delicti or a part of it.

■  Texas has long embraced the common-law rule that an out-of-court confession is insufficient to support a conviction absent corroboration.  *Lott v. State*, 60 Tex.Crim. 162, 131 S.W. 553, 555 (1910); 7 JOHN H. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW §§ 2070–2074 (Chadbourn rev. 1978).  The term corpus delicti has been held to mean "proof of the fact that the crime charged has been committed by someone." *Bridges v. State*, 172 Tex.Crim. 655, 657, 362 S.W.2d 336, 337 (1962).  In Texas, the rule has been construed to require independent evidence that a crime was committed so that a person who confesses to an offense out of court is not convicted of that offense without independent evidence that the crime was indeed committed.  *Gribble v. State*, 808 S.W.2d 65, 70 (Tex.Crim.App.1990), *cert. denied*, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991).  The corpus delicti does not include the identity of the perpetrator, and thus the defendant's confession need not be corroborated as to the person who committed it, only that a crime was in fact committed.  *Id.*  Corpus delicti does not include "showing that the accused was the guilty agent connected with the criminal act." *Scott v. State*, 732 S.W.2d 354, 358 (Tex.Crim. App.1987).  Thus, relying on the content of the cases cited by Kerr, we understand his complaint to be that there is no evidence that

the car was operated.  We note, however, that Kerr also argues that there is insufficient evidence that he operated the vehicle. Though this argument does not fit within a corpus delicti argument, in the interests of justice we will also address sufficiency in that vein.

■  The standard of review in a challenge to the sufficiency of the evidence is well settled.  Courts view the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Emery v. State*, 881 S.W.2d 702, 705 (Tex. Crim.App.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim. App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

■  After the submission of this case, the court of criminal appeals held that factual sufficiency review is available in all criminal cases.  *Clewis v. State*, 922 S.W.2d 126, 128– 129  (Tex.Crim.App.1996).  Although the court did not indicate whether it intended its holding in *Clewis* to be given retroactive effect, we will apply it in pending cases submitted prior to January 31, 1996, where the appellant asserts a sufficiency complaint under the *Jackson* standard that can be reasonably construed as raising a factual sufficiency challenge as well.

■  According to *Clewis*, when addressing a factual sufficiency complaint, we must consider and weigh all of the evidence "without the prism of 'in the light most favorable to the prosecution,'" as required under *Jackson*.  *Clewis*, 922 S.W.2d at 129 (quoting *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed)).  We should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust.  *Id.*

---

1.  Although Kerr's point of error challenges the denial of his motion for a directed verdict, this is construed as a challenge to the sufficiency of the

evidence.  *Cook v. State*, 858 S.W.2d 467, 470 (Tex.Crim.App.1993).

■ Focusing on Kerr's complaint, we first look at the evidence to see if a rational jury could have found beyond a reasonable doubt that the vehicle in question had been operated. Having read the testimony of deputies Hill and Haney, we are satisfied that the evidence is sufficient. A fair import of their testimony is that as they drove up, someone was attempting to drive the car out of the ditch by "revving" the engine of the car, which caused the tires to spin rapidly enough to generate smoke and a burning rubber odor, and that this was "operating" the vehicle. Additionally, Durkee testified that he heard the car slide on the gravel and saw it immediately after as Kerr got out of the car alone. We believe such evidence, considered in the light most favorable to the jury's verdict that the vehicle was being operated, is sufficient standing alone to prove operation. *See Denton v. State,* 911 S.W.2d 388, 390 (Tex.Crim.App.1995) (operation proven if defendant took action to affect the functioning of his car in a manner that would enable its use). Similarly, under the *Clewis* standard, we hold that in finding, as this jury necessarily did, that Kerr "operated" the vehicle, the finding is not so contrary to the overwhelming weight of the evidence to be clearly wrong or unjust.

Next we look to Kerr's statements at the scene to the law enforcement officers that he was the driver. Under the corpus delicti challenge, this confession, to the extent it goes to show operation of the vehicle, is corroborated by the testimony previously discussed and by the deputies' testimony that Kerr was behind the wheel at the time the car was being "operated" in the ditch. Additionally, Durkee heard the car slide on gravel, immediately saw Kerr exit the car alone, and heard Kerr say that it was his car and that he was unhurt. Even if the evidence of operation, absent the confession, were insufficient standing alone, together they corroborate each other and are sufficient to prove that the vehicle was operated under the *Jackson* standard. *Perez v. State,* 432 S.W.2d 954, 955 (Tex.Crim.App.1968). Likewise, they are sufficient; that is, not so contrary to the overwhelming weight of the evidence to be clearly wrong or unjust, under the *Clewis* standard.

■ Looking finally at Kerr's challenge that it was someone else, and not Kerr, who operated the car (the noncorpus delicti challenge), we hold the evidence sufficient to find that Kerr operated the car. In *Reynolds v. State,* 744 S.W.2d 156, 158–59 (Tex.App.— Amarillo 1987, pet. ref'd), the evidence was strikingly similar to this case. In *Reynolds,* an officer came upon a one-car accident where the car was half in a ditch, the defendant was behind the wheel, no one else was in or near the car, and the defendant admitted he was driving the vehicle. Here, the evidence that Durkee heard a car sliding on gravel and immediately thereafter saw Kerr get out of the car, which was in the ditch, is sufficient. *See also Green v. State,* 640 S.W.2d 645, 647–48 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Again, reviewing all of the evidence, we further find that the finding that Kerr was the operator of the car was not so contrary to the overwhelming weight of the evidence to be clearly wrong or unjust. Kerr's challenge to the sufficiency is overruled.

■ In his remaining points of error, Kerr complains of the admission of testimony concerning the administration of the HGN test by Trooper Houghton. Houghton testified, over objection, that he performed an HGN test on Kerr at the scene. Over Kerr's objection, Houghton administered the test to Kerr again in front of the jury and testified that Kerr had no nystagmus during this in-court test. Kerr complains that because the evidence shows that Houghton was not the recipient of a "practitioner certification" from the State of Texas, he was not qualified to administer or testify about the test. Houghton testified that he was not certified by the state, but testified that he was trained in its administration at the Department of Public Safety ("DPS") training academy, was supervised in administering it for the first six months of duty by his field training officer, that he received many hours of HGN training in "Intoxilyzer" school, that he received training on it in drug recognition education school ("DRE"), and completed DRE instructor's school and was certified to administer HGN tests through the National Highway

Transportation Safety Administration ("NHTSA"). Houghton went on to say that the DPS does not issue certification for HGN testing, but rather the NHTSA does.

 The first case to discuss the HGN test and approve it for admission into evidence was *Emerson v. State*, 880 S.W.2d 759 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994). In that case, the court of criminal appeals concluded that the theory underlying the HGN test and the technique employed in the administration of the HGN test were both sufficiently reliable to allow the test to be admissible under TEX.R.CRIM.EVID. 702. *Emerson*, 880 S.W.2d at 768. In each individual case, however, the State still must show by expert testimony that the test was properly administered. *See id.* at 769. *Emerson* clearly stated:

> For testimony concerning a defendant's performance on the HGN test to be admissible, it must be shown that the witness testifying is qualified as an expert on the HGN test, specifically concerning its administration and technique. In the case of a police officer or other law enforcement official, this requirement will be satisfied by proof that the officer has received practitioner certification by the State of Texas to administer the HGN.

*Id.* It is unclear from Trooper Houghton's testimony whether he received the "practitioner certification" that was discussed in *Emerson*. However, we do not interpret the quoted portion of *Emerson* to require that an expert must be certified by the State of Texas before his testimony on the subject of an HGN test will be admissible.

 In order for a witness's expert testimony to be admissible under Rule 702, the witness must qualify as an expert by "knowledge, skill, experience, training, or education." TEX.R.CRIM.EVID. 702. Whether a particular witness qualifies as an expert is a decision to be made by the trial judge, and the judge has broad discretion in this area. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim.App.1990), *cert. denied*, 501 U.S. 1213, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991). A trial court's decision in this area will not be disturbed absent a clear showing of abuse. *Id.*

In this case, the trial judge admitted Trooper Houghton's testimony after he testified that he completed extensive training, had experience, and held certification from a training course approved by the NHTSA. He further testified that he received additional certification from the Texas Commission on Law Enforcement Officer Standards and Education after extensive training and testing. Based on his testimony, we find that the HGN test was properly administered on Kerr. *See Emerson*, 880 S.W.2d at 769. We find, under *Emerson*, that the trial judge did not abuse his discretion in admitting the testimony of Trooper Houghton or in admitting the results of the HGN test he administered in the field or in the courtroom. Kerr's remaining points of error are overruled.

The judgment of the trial court is affirmed.