TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00515-CR







Robert Bell, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 95-211-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 A jury convicted appellant, Robert Bell, of four counts of aggravated sexual assault of a
child and assessed seventy-five years' confinement in the Institutional Division of the Texas Department of
Criminal Justice. See Tex. Penal Code Ann. § 22.021 (West 1994 & Supp. 1998). The trial court
rendered judgment in accordance with the jury verdict. By three points of error, appellant challenges the
judgment. We will affirm.


SUMMARY OF FACTS

 In 1984, appellant married Sherald Bubela, mother of three children, including the victim. (1) 
Appellant's stepdaughter was six years old at the time of the marriage and when appellant began sexually
molesting her. Appellant believed that he and his stepdaughter were then, and always had been, in love
with each other. The sexual molestation continued until appellant's stepdaughter was sixteen years old. 
At that time, claiming he wanted Bubela's blessing to take his stepdaughter away to another state, appellant
confessed the sexual molestation to Bubela, whereupon she immediately called the police and brought
charges against appellant.

 Appellant was indicted in Williamson County for the sexual abuse of his stepdaughter which
occurred between June 1989 and May 1991 while they were living in Round Rock. During this time,
appellant's stepdaughter was between the ages of 11 and 13. On May 24, 1996, the jury convicted
appellant of all four counts of aggravated sexual assault of a child and imposed a seventy-five year jail term. 
The trial court rendered judgment in accord with the jury's verdict. Appellant now appeals the judgment,
raising three points of error.


ANALYSIS

 Appellant's first point of error asserts that the trial court erred by commenting on the weight
of evidence that defense counsel sought to elicit during cross-examination of a State's witness. See Tex.
Code Crim. Proc. Ann. art. 38.05 (West 1979); Clark v. State, 878 S.W.2d 224, 226 (Tex.
App.--Dallas 1994, no pet.) (generally trial court should avoid commenting on evidence and remain
impartial during course of proceedings). Before we can reach the question, we must determine whether
the issue has been properly preserved for review. In order to preserve error, a defendant must receive an
adverse ruling on his timely objection, or at least the record must clearly indicate that the trial court
overruled the defendant's objection. See Tex. R. App. P. 33.1; Powell v. State, 897 S.W.2d 307, 310
(Tex. Crim. App. 1994); Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991).

 The comment at issue was made during the defense's cross-examination of Bubela. Defense
counsel attempted to challenge Bubela's credibility by questioning her motives for bringing charges in
Williamson County. The following exchange ensued: 


STATE: Objection to relevance on punishment when the jury's trying to determine
whether or not he's guilty.

 

DEFENSE: Your Honor, I believe it will show that there is a motive on her part and the
part of [appellant's stepdaughter] and everybody else involved in this case
that it be prosecuted here where they believe he'll be more harshly punished
than in--


STATE: And that may be true, but how is that relevant during this portion of the trial?


DEFENSE: Your Honor, I think that goes to their credibility. If they're making
allegations that he molested this child and they can stick him harder here,
they might go ahead and say "Well, it happened there, too, by the way."


STATE: Then he needs to ask her directly is that her motivation for testifying here
today.


DEFENSE: I don't believe I do, Judge.


COURT: Well, that's a stretch, [defense counsel], but I'll allow the question.


DEFENSE: I object, Your Honor, to the statement of the Court, Your Honor--


COURT: The objection is overruled. You may proceed.


DEFENSE: --as a comment on the weight of the evidence. 


 The alleged improper comment was, "Well, that's a stretch." While appellant objected to
the comment, it is unclear if he received a ruling on his objection. Two objections were before the court:
the State's objection to the question and appellant's objection to the trial court's comment. However, the
trial court only made one ruling, and it appears that ruling relates to the State's objection. If so, appellant
has failed to preserve error and presents nothing for review.

 Assuming that appellant properly preserved error, he still cannot prevail. In Rosales v.
State, 932 S.W.2d 530, 538 (Tex. App.--Tyler 1995, no pet.), the trial court made the comment "It
seems a little far afield" with regard to the defense's attempt to admit certain testimony. The reviewing
court held that this comment did not go to the weight of the evidence but merely 


 . . . indicated that in making his ruling, he had a question in his mind regarding the
relevancy of the testimony, but opted in favor of its admission. [The trial court's] comment
did not appear to be directed at the weight of the evidence, but simply to its admissibility.



Rosales, 932 S.W.2d at 538. Likewise, the trial court's comment in this situation related to the justification
appellant offered for the relevance of his line of questioning and does not reach the weight of the evidence. 
The comment showed that the trial court was unsure whether the evidence was admissible but that he
decided to err on the side of admissibility. We overrule appellant's first point of error.

 In point of error two, appellant argues that the trial court abused its discretion in admitting
certain exhibits without conducting the balancing test required by Texas Rule of Criminal Evidence 403. (2)
 
A trial court, however, is not required to conduct the 403 balancing test on the record. See Blondett v.
State, 921 S.W.2d 469, 474 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd) (although trial court must
conduct 403 balancing test when proper objection is raised, trial court enjoys freedom to conduct balancing
test in head and then state ruling); Nolen v. State, 872 S.W.2d 807, 812 (Tex. App.--Fort Worth 1994,
pet. ref'd) (trial court is not required to announce for record that it has completed balancing test in its own
mind). The reviewing court may infer from the record that the trial court conducted the balancing test when
the trial court determined the admissibility of the evidence. See Blondett, 921 S.W.2d at 474; Nolen, 872
S.W.2d at 812. When the exhibits were offered, appellant objected to their admissibility on Rule 403
grounds. In response, the trial court examined each exhibit, redacting certain portions when necessary, and
subsequently overruled the objections. Consequently, we conclude that the trial court necessarily
conducted the balancing test and overrule appellant's second point of error. 

 Finally, appellant contends in his third point of error that the trial court erred in allowing
Captain Daniel LeMay of the Round Rock Police Department to testify as an expert, alleging that
procedurally LeMay had not been properly qualified before testifying. (3) Texas Rule of Criminal Evidence
702 governs admission of expert testimony and states: 


If scientific, technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as an expert by
knowledge, skill, experience, training, or education may testify thereto in the form of an
opinion or otherwise. 



Tex. R. Crim. Evid. 702. Because of the influential value of expert testimony on juror interpretation of the
case, the person proffering the purported expert's testimony must demonstrate that the witness possesses
the requisite qualifications of an expert. See Penry v. State, 903 S.W.2d 715, 762 (Tex. Crim. App.
1995); Holloway v. State, 613 S.W.2d 497, 501 (Tex. Crim. App. 1981). The special knowledge that
may qualify a witness as an expert may be derived from a study of technical works, specialized education,
practical experience, or varying combinations thereof. Holloway, 613 S.W.2d at 501. Once the initial
burden of establishing a witness's qualifications has been met by the offering party, the opposing party must
object to the witness as an expert and demonstrate the witness's incompetency through voir dire; a failure
to do so operates as a waiver, thus qualifying the witness. Matson v. State, 819 S.W.2d 839, 852 (Tex.
Crim. App. 1991). The trial court exercises considerable discretion in determining whether to admit expert
testimony on the bases provided in the rule, and that decision will not be disturbed absent a showing of an
abuse of that discretion. Alvarado v. State, 912 S.W.2d 199, 216 (Tex. Crim. App. 1995); Kerr v.
State, 921 S.W.2d 498, 502 (Tex. App.--Fort Worth 1996, no pet.). 

 Before LeMay testified, appellant requested a hearing outside the presence of the jury to
determine whether LeMay was qualified to testify as an expert. The State offered LeMay's testimony to
show the normalcy of a delayed outcry from a child when a family member is the perpetrator of sexual
abuse, and the tendency of child molesters to believe that they have fallen in love with their victims. To
qualify LeMay as an expert in these matters, the State demonstrated the following: LeMay had eighteen
years of experience as a licensed police officer; he had worked on nearly one thousand cases of child
sexual abuse; he had completed two years of college and thousands of hours of training in various areas,
including sexual abuse investigation; and he had experience with situations in which the perpetrator of a
child molestation was the father or stepfather of the victim. At this time, the trial court understood that
LeMay would be testifying about his experiences, and did not consider it necessary to declare LeMay an
expert.

 The jury was brought back in the courtroom, and the trial resumed. When the State began
to question LeMay about his qualifications, appellant objected that the witness was not qualified. The trial
judge stated that the objection would be noted and that he would rule on whether LeMay was qualified to
testify as an expert when and if the State actually offered evidence or proffered LeMay as an expert. The
State continued its examination of LeMay. When the State questioned LeMay about delayed outcries and
child molesters falling in love with their victims, appellant objected to LeMay's testifying as an expert. The
trial judge overruled appellant's objections and allowed LeMay to answer the questions. By allowing his
testimony, the trial judge indicated that he believed LeMay was qualified as an expert on those subjects. (4) 
Consequently, the trial court did not abuse its discretion in allowing LeMay to testify as an expert regarding
those subjects. We overrule appellant's third point of error.


SUMMARY


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 5, 1998

Do Not Publish
1. For purposes of maintaining anonymity in this case, we will refer to the victim as the appellant's
stepdaughter, as the record does not indicate that the appellant ever adopted the victim. 
2. Rule 403 governs situations where evidence may be excluded and provides as follows: 

 

Although relevant, evidence may be excluded if its probative value is substantially outweighed
by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence.


Tex. R. Crim. Evid. 403.

3. Appellant does not complain on appeal that LeMay lacked expert qualifications but that the State
never offered LeMay as an expert.
4. To further illustrate, the trial court sustained one of appellant's objections to LeMay. In the hearing
outside the presence of the jury, appellant demonstrated on cross-examination that LeMay did not possess
any skills in analyzing statistics. When the State tried to question LeMay about some statistical data about
the number of fathers and stepfathers that perpetrate child sexual molestations, the trial court sustained
appellant's objection that LeMay was not qualified to comment on statistics. 



isturbed absent a showing of an
abuse of that discretion. Alvarado v. State, 912 S.W.2d 199, 216 (Tex. Crim. App. 1995); Kerr v.
State, 921 S.W.2d 498, 502 (Tex. App.--Fort Worth 1996, no pet.). 

 Before LeMay testified, appellant requested a hearing outside the presence of the jury to
determine whether LeMay was qualified to testify as an expert. The State offered LeMay's testimony to
show the normalcy of a delayed outcry from a child when a family member is the perpetrator of sexual
abuse, and the tendency of child molesters to believe that they have fallen in love with their victims. To
qualify LeMay as an expert in these matters, the State demonstrated the following: LeMay had eighteen
years of experience as a licensed police officer; he had worked on nearly one thousand cases of child
sexual abuse; he had completed two years of college and thousands of hours of training in various areas,
including sexual abuse investigation; and he had experience with situations in which the perpetrator of a
child molestation was the father or stepfather of the victim. At this time, the trial court understood that
LeMay would be testifying about his experiences, and did not consider it necessary to declare LeMay an
expert.

 The jury was brought back in the courtroom, and the trial resumed. When the State began
to question LeMay about his qualifications, appellant objected that the witness was not qualified. The trial
judge stated that the objection would be noted and that he would rule on whether LeMay was qualified to
testify as an expert when and if the State actually offered evidence or proffered LeMay as an expert. The
State continued its examination of LeMay. When the State questioned LeMay about delayed outcries and
child molesters falling in love with their victims, appellant objected to LeMay's testifying as an expert. The
trial judge overruled appellant's objections and allowed LeMay to answer the questions. By allowing his
testimony, the trial judge indicated that he believed LeMay was qualified as an expert on those subjects. (4) 
Consequently, the trial court did not abuse its discretion in al