TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00629-CR







Ray Joe Richter, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8833, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING








 Appellant Ray Joe Richter was convicted of the felony offense of operating a motor
vehicle in a public place while intoxicated. See Tex. Penal Code Ann. §§ 49.04(a), .09(b) (West
Supp. 2000). The jury assessed appellant's punishment, enhanced by a prior felony conviction,
at imprisonment for twelve years. Appellant complains that the trial court erred in admitting
inadmissible evidence. The judgment will be affirmed.

 In his first point of error, appellant complains of the admission of "scientific
evidence concerning horizontal gaze nystagmus test in a DWI case." Appellant argues that
Christopher Jett, a Marble Falls police officer, was not qualified to administer the horizontal gaze
nystagmus test (HGN) and that he did not properly administer that test to appellant.

 HGN test evidence is sufficiently reliable to be admitted under the rules of
evidence. See Emerson v. State, 880 S.W.2d 759, 768-69 (Tex. Crim. App. 1994). A witness
qualified by knowledge, skill, experience, training, or education may give an opinion or otherwise
testify to scientific, technical, or other specialized knowledge if it will assist the trier of fact to
understand the evidence or determine a fact issue. See Tex. R. Evid. 702. Officer Jett testified
he was qualified by experience and that he had completed a course of study and was a "certified
standardized field sobriety testing practitioner." Jett explained the HGN test and how he had
administered the test to appellant. In administering the test, Jett had observed "all six clues
indicating [appellant's] intoxication." Jet testified that from his experience he believed the HGN
test was the most reliable of the field sobriety tests. Jett's opinion that appellant was intoxicated
was partly based on the HGN test. The trial court did not abuse its discretion in finding Jett
qualified to testify about the HGN test and in admitting evidence of the result of the test
administered to appellant. See Kerr v. State, 921 S.W.2d 498, 502 (Tex. App.--Fort Worth 1996,
no pet.). Appellant's first point of error is overruled.

 In his second point of error, appellant asserts: "The trial court erred in admitting
convictions of appellant at the guilt/innocence phase of trial and said error violates Rule 404(b),
Texas Rules of Evidence." Appellant's reference to the record and our own inspection of the
record fail to show that any prior convictions were admitted in evidence at the guilt-innocence
phase of trial. Appellant refers to the record wherein the prosecutor asked one of the arresting
officers:

Q: Okay. Officer, could you - - I want to go back to when he was in the patrol
vehicle. Did he or did he not make any unsolicited statement to you?


A: Yes, he did.


Q: Could you please described what that statement was.


A: He repeatedly stated that --


[Defense Counsel]: Objection, Your Honor. These statements are hearsay.


THE COURT: It's overruled.


THE WITNESS: He repeatedly stated that it was going to catch up with us in
a threatening tone of voice.



 Appellant argues that the officer's testimony that appellant said, "it was going to
catch up with us in a threatening tone of voice" was evidence of a terroristic threat or other bad
act that was inadmissible and a violation of Rule 404(b). At trial, counsel's objection to the
complained of evidence was that it was hearsay, not that it was evidence of an extraneous offense
or bad act. Because the trial objection does not comport with appellant's complaint on appeal,
the claimed error was not preserved for appellate review. See McFarland v. State, 845 S.W.2d
824, 838 (Tex. Crim. App. 1992); Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992);
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Paez v. State, 995 S.W.2d 163,
174 (Tex. App.--San Antonio 1999, pet. ref'd). Appellant's second point of error is overruled.




 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Jones, Yeakel and Dally*

Affirmed

Filed: July 13, 2000

Do Not Publish






















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



t testified that from his experience he believed the HGN
test was the most reliable of the field sobriety tests. Jett's opinion that appellant was intoxicated
was partly based on the HGN test. The trial court did not abuse its discretion in finding Jett
qualified to testify about the HGN test and in admitting evidence of the result of the test
administered to appellant. See Kerr v. State, 921 S.W.2d 498, 502 (Tex. App.--Fort Worth 1996,
no pet.). Appellant's first point of error is overruled.

 In his second point of error, appellant asserts: "The trial court erred in admitting
convictions of appellant at the guilt/innocence phase of trial and said error violates Rule 404(b),
Texas Rules of Evidence." Appellant's reference to the record and our own inspection of the
record fail to show that any prior convictions were admitted in evidence at the guilt-innocence
phase of trial. Appellant refers to the record wherein the prosecutor asked one of the arresting
officers:

Q: Okay. Officer, could you - - I want to go back to when he was in the patrol
vehicle. Did he or did he not make any unsolicited statement to you?


A: Yes, he did.


Q: Could you please described what that statement was.


A: He repeatedly stated that --