NO. 07-02-0347-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 9, 2003

_____

GREGORY LAWAYNE PEACE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF ARMSTRONG COUNTY;

NO. 2502; HONORABLE HUGH REED, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In this appeal, appellant Gregory Lawayne Peace seeks reversal of his conviction, after a guilty plea, of the misdemeanor offense of driving while intoxicated. The plea was entered after permission was given to appeal the denial of a motion to suppress. His

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

punishment was assessed by the trial court at 45 days confinement in the Armstrong County Jail, probated for 45 days, and a $500 fine. In pursuing his appeal, appellant presents two issues for our determination. In those issues, he argues the trial court abused its discretion in overruling his motion because 1) there was no probable cause for his arrest, and 2) the results of the horizontal gaze nystagmus (HGN) test should not have been admitted because the test was not conducted in a proper manner. Disagreeing that reversal is required, we affirm the judgment of the trial court.

Appellant and the arresting officer, Brian Glen Freeman, were the witnesses at the suppression hearing. In his testimony, appellant denied that he was ever given his statutory warnings prior to being given a breath test. However, he did admit that he agreed to take the test and that he failed it. Officer Freeman testified that he stopped appellant because he was driving in excess of 90 miles per hour in a 70 mile zone. He also said he observed appellant cross both lines onto the shoulder of the highway and go over the middle line of the highway. The officer averred that as he approached appellant's vehicle after stopping it, he noticed a smell of alcohol coming from the vehicle. Appellant's speech was "fairly slurred" and his eyes were "pretty glassy." When queried, appellant initially denied he had been drinking, but "a few seconds later," he admitted he had been drinking.

Freeman had appellant perform various physical field sobriety tests, including the "walk and turn," "one-leg stand," and "finger count" tests. Although appellant did not

2

perform these tests perfectly, he did pass them. Even so, because of his other observations, the officer concluded appellant was intoxicated, and he administered the HGN test.[2] According to the officer, appellant failed the HGN test.

Freeman averred that he was trained in administering the HGN test at a Texas Commission on Law Enforcement Standards and Education (TCLOSE) sanctioned course at Texas A & M University, which he successfully completed. In accordance with his training, he testified, he first made sure that appellant could clearly see the pen used as a stimulus. He then moved the pen from right to left for the purpose, he said, of checking the tracking of the movement. Making approximately four passes with each eye, he checked the maximum deviation nystagmus, as well as whether the onset angle of nystagmus was 45 degrees or less. In performing the test, he said he looked for six signs or "clues" from both eyes that indicate intoxication. All six "clues" were present during appellant's performance in the test. Freeman conceded he did not ask if appellant had received a head injury or had eye trouble.

Generally, a ruling on a motion to suppress is reviewed on an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). The amount of deference a reviewing court affords to a trial court's ruling on a mixed question of law and fact, such as the issue of probable cause, is often determined by which judicial actor is in

---

[2]In *Emerson v. State*, 880 S.W.2d 759, 766 n.3 (Tex. Crim. App.), *cert. denied,* 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994), the Court related the scientific theory underlying the HGN test and the technique prescribed by the National Highway Traffic Safety Administration to correlate nystagmus with intoxication.

a better position to decide the issue. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). The reviewing court should afford almost total deference to the trial court's determination of historical facts, especially when the trial court's fact findings are based upon an evaluation of witness credibility and demeanor. *Id.* at 89. In such cases, when the trial court made no explicit findings of historical fact, we presume it made those findings necessary to support its rulings, if supported by the record and the evidence viewed in a light most favorable to the trial court's ruling. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App.1999). However, in instances involving mixed questions of law and facts that do not involve evaluations of credibility and demeanor, appellate review may be *de novo. Guzman,* 955 S.W.2d at 89. Thus, an appellate court should conduct a *de novo* review in instances in which the facts related to the ruling are undisputed.

In *Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000), after reciting the general rules of appellate review we have cited above, the court explicated that in an instance in which a videotape "presents indisputable visual evidence" that contradicted essential parts of the State's evidence, in "these narrow circumstances, we cannot blind ourselves to the videotape evidence," even though the State's evidence could be read to support the trial court's ruling. *Id.* at 332. Relying upon the *Caramouche* teaching, appellant argues that because the events immediately surrounding his arrest were captured on videotape, it is our duty to review that tape in a *de novo* review conducted without any deference to the trial court's ruling. The videotape certainly must be

4

considered in our review; however, because there is other evidence, the tape must be considered with all the evidence before the trial court.

Appellant contends that the results of the HGN test may not be considered because the State did not establish Officer Freeman was a certified practitioner. In the seminal case of *Emerson v. State*, 880 S.W.2d 759 (Tex. Crim. App.), *cert. denied,* 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994), the Court determined that test was sufficiently reliable to be admitted if a proper predicate was laid, and in order for testimony concerning a defendant's performance on the test to be admissible:

> . . . it must be shown that the witness testifying is qualified as an expert on the HGN test, specifically concerning its administration and technique. In the case of a police officer or other law enforcement official, this requirement will be satisfied by proof that the officer has received practitioner certification by the State of Texas to administer the HGN.

*Id.* at 769.

In *Kerr v. State*, 921 S.W.2d 498 (Tex. App.– Fort Worth 1996, no pet.), the court in considering the *Emerson* explication opined:

> . . . [W]e do not interpret the quoted portion of *Emerson* to require that an expert must be certified by the State of Texas before his testimony on the subject of an HGN test will be admissible.
>
> In order for a witness's expert testimony to be admissible under Rule 702, the witness must qualify as an expert by 'knowledge, skill, experience, training, or education.' TEX. R. CRIM. EVID. 702. Whether a particular witness qualifies as an expert is a decision to be made by the trial judge . . .

[citations omitted].  A trial court's decision in this area will not be disturbed absent a clear showing of abuse.

*Id.* at 502.  See also *Singleton* v. *State*, 91 S.W.3d 342, 348 (Tex. App.–Texarkana 2002, no pet.) (even though the arresting officer lacked HGN certification, the trial court did not abuse its discretion in receiving his testimony because it was sufficient to justify a conclusion that the officer was qualified under Texas Rule of Evidence 702).  In *Smith v. State,* 65 S.W.3d 332, 344 (Tex. App.–Waco 2001, no pet.), the court noted its agreement with the *Kerr* court that *Emerson* did not require an expert be certified by the State of Texas before his testimony on the subject of the HGN test would be admissible and it was within the trial court's discretion to determine whether the witness was qualified to testify as an expert.  We agree with the holdings in these cases.  The instruction of the *Emerson* opinion is that if it be shown that the testifying officer has received practitioner certification, it is sufficient to justify admission of the evidence.  However, if it is not shown that the officer has received that certification, the trial court must, within its discretion, determine if other evidence is sufficient to establish the officer's expertise in administering the test.

Officer Freemen testified at some length about his training at Texas A & M University in the theory and implementation of the HGN tests.  We cannot say that the trial court erred in receiving his testimony.  Moreover, the fact that the officer did not inquire whether appellant had suffered a head injury prior to administering the test is not sufficient to show an abuse of discretion in admitting the test.  *See Webster v. State*, 26 S.W.3d 717, 720 (Tex. App.– Waco 2000, pet. ref'd) (the testing procedures themselves are designed

6

to screen for medical conditions or medications that may have been taken prior to the test). Moreover, appellant made no claim that he had suffered an injury or taken medication that might have affected the test.

Appellant does not contest that he was speeding at the time of his stop. The videotape shows the visible circumstances surrounding his stop and his activities during the field sobriety tests. However, the officer testified about the other circumstances leading to this decision that appellant was intoxicated, including the odor of alcohol that might reasonably be attributed to him, his admission that he had been drinking, his slurred speech, and his "glassy" eyes. The trial judge could reasonably have concluded that such testimony, in addition to the testimony about the result of the test, was sufficient to justify the overruling of the motion to suppress.

In summary, both of appellant's issues are overruled, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.