COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-556-CR

 

 

ERIC MATTHEW DICKEY                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

MEMORANDUM OPINION[1]

------------

Eric Matthew Dickey appeals
his conviction for driving while intoxicated (DWI).  In two points, appellant complains that the
evidence is legally and factually insufficient to support his conviction
because there is no direct evidence that appellant was driving or operating a
vehicle at the time of his arrest.  We
affirm.    








On the evening of September
21, 2002, appellant and his brother ate dinner, drank beer, and played pool at
Humperdink=s, a
restaurant and bar located near the Ballpark in Arlington.  Later that night, Michael Smith, one of the
security guards for the Ballpark, saw appellant speeding down Ballpark Way in a
red BMW.  Because appellant could not
make a turn, he ran over a curb, blowing out the BMW=s tires.  Smith watched
appellant back the car into the street and drive down the street until he
stopped in a parking lot.  Smith did not
see any passengers with appellant in the car.[2]

Smith lost sight of the BMW
momentarily when it pulled inside the parking lot.  Other security guards then radioed Smith that
they had apprehended appellant in the parking lot.  Smith, appellant, and the other security
guards were the only people in the parking lot when the Arlington Police
arrived.

After conducting field
sobriety tests, Arlington Police Officer Jonathan Mohr arrested appellant for
DWI.  Officer Mohr testified that, when
he arrived at the parking lot, the only people there were appellant and the
security guards. Officer Mohr also testified that appellant never said that he
was not the driver of the red BMW when he was being field tested for DWI. 








The case was tried to a
jury.  Appellant=s father, Ross, and his brother, Brent, testified for the
defense.  Ross testified that he picked
up appellant at Humperdink=s and, on the way home, a car forced him to strike the curb, rendering
the BMW undrivable.[3]  Ross stated that he then drove to a parking
lot and stopped.  Because his cell phone
was not working, he decided to walk to find a pay phone, leaving appellant at
the scene where the security guards found him.[4]  Ross said that appellant never drove the BMW
and was only a passenger in the car.  

Brent testified that he had
left Humperdink=s earlier
than appellant and had pre-arranged for Ross to pick appellant up.  He said, however, that when he arrived at the
scene, he did not see Ross there. 








Whether viewed in a light
most favorable to the verdict[5]
or in a neutral light,[6]
we hold that there is sufficient evidence from which a rational fact-finder
could have found beyond a reasonable doubt that appellant operated the BMW in a
public place while intoxicated.[7]  We decline to substitute our judgment for
that of the jury on witness credibility or how much weight to give each witness=s testimony.[8]  Because the evidence is legally and factually
sufficient to support the jury=s verdict, we overrule appellant=s points. 

Accordingly, we affirm the
trial court=s
judgment.  

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
February 2, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Although
appellant states in his brief that Smith saw him driving with a passenger, the
record does not support this assertion.





[3]Smith
testified that no other cars were involved in the accident. 





[4]Curiously,
Ross did not attempt to use appellant=s cell phone, which was
working.  There is no evidence in the
record whether Ross ever returned to the car. 





[5]See
Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004)
(setting out the legal sufficiency standard of review).





[6]See Zuniga
v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004) (setting out the
factual sufficiency standard).





[7]See Tex. Penal Code Ann. '
49.04(a) (Vernon 2003).  The identity of
the person operating the motor vehicle can be proved by circumstantial
evidence. Kerr v. State, 921 S.W.2d 498, 501 (Tex. App.CFort
Worth 1996, no pet.); Perry v. State, No. 2-02-00295-CR, 2003 WL
1948699, at *2 (Tex. App.CFort
Worth April 24, 2003, pet. ref=d) (mem. op.) (not designated
for publication). 





[8]See
Hanks v. State, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); Cain
v. State, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App. 1997) (both noting that
the jury is sole trier of facts and judge of credibility).