DICKEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-556-CR

ERIC MATTHEW DICKEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Eric Matthew Dickey appeals his conviction for driving while intoxicated (DWI).  In two points, appellant complains that the evidence is legally and factually insufficient to support his conviction because there is no direct evidence that appellant was driving or operating a vehicle at the time of his arrest.  We affirm. 

On the evening of September 21, 2002, appellant and his brother ate dinner, drank beer, and played pool at Humperdink’s, a restaurant and bar located near the Ballpark in Arlington.  Later that night, Michael Smith,
 one of the security guards for the Ballpark, saw appellant speeding down Ballpark Way in a red BMW. 
 Because appellant could not make a turn, he ran over a curb, blowing out the BMW’s tires.  
Smith watched appellant back the car into the street and drive down the street until he stopped in a parking lot.  
Smith did not see any passengers with appellant in the car.
(footnote: 2)
 Smith lost sight of the BMW momentarily when it pulled inside the parking lot.  Other security guards then radioed Smith that they had apprehended appellant in the parking lot.  Smith, appellant, and the other security guards were the only people in the parking lot when the Arlington Police arrived.

After conducting field sobriety tests, Arlington Police
 Officer Jonathan Mohr arrested appellant for DWI.  Officer Mohr testified that, when he arrived at the parking lot, the only people there were appellant and the security guards. Officer Mohr also testified that appellant never said that he was not the driver of the red BMW when he was being field tested for DWI. 

The case was tried to a jury.  Appellant’s father, Ross
, and his brother, Brent, testified for the defense.  Ross testified that he picked up appellant at Humperdink’s and, on the way home, a car forced him to strike the curb, rendering the BMW undrivable.
(footnote: 3)  Ross stated that he then drove to a parking lot and stopped.  Because his cell phone was not working, he decided to walk to find a pay phone, leaving appellant at the scene where the security guards found him.
(footnote: 4)  Ross said that appellant never drove the BMW and was only a passenger in the car.  

Brent testified that he had left Humperdink’s earlier than appellant and had pre-arranged for Ross to pick appellant up.  He said, however, that when he arrived at the scene, he did not see Ross there. 

Whether viewed in a light most favorable to the verdict
(footnote: 5) or in a neutral light,
(footnote: 6) we hold that there is sufficient evidence from which a rational fact-finder could have found beyond a reasonable doubt that appellant operated the BMW in a public place while intoxicated.
(footnote: 7)  
We decline to substitute our judgment for that of the jury on witness credibility or how much weight to give each witness’s testimony.
(footnote: 8)  Because 
the evidence is legally and factually sufficient to support the jury’s verdict, we overrule appellant’s points. 

Accordingly, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
Although appellant states in his brief that Smith saw him driving with a passenger, the record does not support this assertion.

3:
Smith testified that no other cars were involved in the accident. 

4:
Curiously, Ross did not attempt to use appellant’s cell phone, which was working.  There is no evidence in the record whether Ross ever returned to the car. 

5:
See Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review)
.

6:
See
 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)
 (setting out the factual sufficiency standard)
.

7:
See 
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  The identity of the person operating the motor vehicle can be proved by circumstantial evidence.
 
Kerr v. State
, 921 S.W.2d 498, 501 (Tex. App.—Fort Worth 1996, no pet.); 
Perry v. State
, No. 2-02-00295-CR, 2003 WL 1948699, at *2 (Tex. App.—Fort Worth April 24, 2003, pet. ref’d) (mem. op.) (not designated for publication). 

8:
See Hanks v. State
, 137 S.W.3d 668, 671 (Tex. Crim. App. 2004); 
Cain v. State
, 958 S.W.2d 404, 407 n.5 (Tex. Crim. App. 1997) (both noting that the jury is sole trier of facts and judge of credibility).