# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00256-CR

**Andres Soto, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2007-268, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Andres Soto, Jr., was convicted by a jury of driving while intoxicated, a felony. *See* Tex. Penal Code Ann. § 49.04 (West 2003); § 49.09(b)(2) (West Supp. 2008). After finding that appellant had previously been convicted of a felony, the trial court assessed appellant's punishment at ten years' confinement in the institutional division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 12.42(a)(3) (West 2003).

Appellant raises two issues on appeal. First, he complains that the trial court erred by qualifying the testifying police officer as an expert witness in the area of horizontal gaze nystagmus testing. Second, he complains that the trial court erred by admitting the police officer's testimony related to horizontal gaze nystagmus testing despite the officer's deviations from the standardized testing procedure.

We will affirm the judgment of conviction.

## BACKGROUND

The trial court heard evidence that at 10:48 p.m. on March 28, 2007, appellant was stopped for traveling eighty-five miles per hour in a sixty-five miles-per-hour zone while driving on IH-35 in New Braunfels, Texas. Appellant was accompanied by a passenger. New Braunfels Police Department officer Jason Tucker conducted the stop. When Tucker approached the vehicle to speak with the driver, he smelled a strong odor of an alcoholic beverage coming from the vehicle. Tucker requested appellant's driver's license and proof of financial responsibility. Appellant provided Tucker with a Texas identification card and an expired copy of his proof of financial responsibility. Based on the strong odor of an alcoholic beverage coming from appellant, his lack of a driver's license, and his lack of proof of financial responsibility, Tucker ordered appellant to exit the vehicle. When appellant did so, Tucker saw two cans of beer on the passenger-side floorboard.

Tucker started to administer the battery of standardized field sobriety tests (SFSTs) promulgated by the National Highway Traffic Safety Administration. The SFSTs consist of the horizontal gaze nystagmus test (the HGN), the walk-and-turn, and the one leg stand. After Tucker administered the HGN, appellant refused to perform the remaining tests. At that point, Tucker placed appellant under arrest for driving while intoxicated. During processing at the county jail, appellant did not submit to breath testing, nor did he perform any further SFSTs.

Prior to trial, a hearing was held to determine whether (1) Tucker qualified as an expert witness for purposes of testifying about the HGN, and (2) evidence of the HGN should be excluded because Tucker's administration of the test deviated from standard procedure. At the hearing, Tucker testified that he became certified as a SFST practitioner in the year 2000 while

2

employed as an officer for the O'Donnell Police Department. Tucker testified that he had administered the HGN test well over a hundred times during his career and over fifty times in the year prior to the trial. Tucker further testified that he had taken a certification-update class in August 2007. At the hearing, the State offered a videotape recording showing Tucker's administration of the HGN. Tucker testified that he first checked for lack of smooth pursuit. He testified that he checked for sustained nystagmus at maximum deviation. Tucker testified that he then checked for the onset of nystagmus prior to forty-five degrees. He testified that he adapted the tests somewhat due to being left-handed—that is, he performed them backwards.

After hearing the testimony of Officer Tucker and reviewing the recording showing the administration of the HGN test, the trial court found that Tucker did qualify as an expert. The court further found that while there were deviations from standard procedure in administering the HGN, those deviations were not so serious as to render the tests irrelevant.

At trial, Officer Tucker again testified about administering the HGN test. Appellant's counsel cross-examined Tucker about his credentials and the administration of the test. After several hours of deliberation and the court's presentation of an *Allen* charge,[1] the jury returned a verdict of guilty.

## STANDARD OF REVIEW

A trial court has broad discretion in deciding whether a witness qualifies as an expert. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). Likewise, it is the trial court's

---

[1] *Allen v. United States*,164 U.S. 492, 501-502 (1896).

3

responsibility to determine whether proffered scientific evidence is sufficiently reliable and relevant to assist the fact-finder. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). A trial court's ruling on the admissibility of scientific expert testimony is reviewed for an abuse of discretion. *Id*.

## DISCUSSION

### *Qualification of Experts*

In his first issue, appellant complains that the court erred in admitting the testifying police officer as an expert witness in the area of HGN testing. A party proffering testimony concerning a defendant's performance on the HGN test must show that the witness is an expert in the administration and technique of the test. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). A police officer or other law enforcement official's practitioner certification by the State of Texas satisfies this requirement. *Id*. Appellant argues that because Tucker did not take his update class to become "re-certified" as a SFST practitioner until after his arrest, he should not have been qualified as an expert. The Texas Administrative Code sets the requirements for SFST practitioner certification. *See* 37 Tex. Admin. Code § 221.9 (2008) (Tex. Comm'n on Law Enf. Officer. Stds. and Educ., Standardized Field Sobriety Testing Practitioner (SFST)).

The relevant provision of the administrative code currently requires, among other things, "completion of SFST Practitioner Course, SFST Practitioner Update, DRE Update, SFST instructor, or DRE instructor within past 24 months." *Id*. The current version of section 221.9 went into effect on September 1, 2007. *Id*. Appellant was arrested on March 28, 2007.

The version of section 221.9 in effect at the time of the arrest did not contain the "past 24 months" clause, but simply stated, "To qualify for a standardized field sobriety testing practitioner certificate, an applicant must meet all proficiency requirements including successful completion of the current National Highway Traffic Safety Administration (NHTSA) approved SFST Practitioner Course as reported by an approved training provider." 31 Tex. Reg. 98 (2006), *adopted* 31 Tex. Reg. 2879 (2006) (codified at 37 Tex. Admin. Code § 221.9). Tucker testified that he had completed the SFST course while previously employed by the O'Donnell Police Department. Therefore, since the new law requiring the update class had not yet come into effect, Tucker was a certified practitioner at the time he administered the tests to appellant.

Appellant further urges that the *Emerson* holding requires that an arresting police officer possess current certification as an HGN practitioner in a DWI prosecution where the State seeks to qualify the officer as a HGN expert witness. While an officer can be qualified as an HGN expert without regard to certification,[2] we need not entertain appellant's argument because Tucker was certified when he testified at appellant's trial. Tucker took an SFST-update class in August 2007, before the new law came into effect. *See* 37 Tex. Admin. Code § 221.9. When he

---

[2] *See Taylor v. State*, No. 03-03-00624-CR, 2006 Tex. App. LEXIS 5148, at *19-20 (Tex. App.—Austin 2006, pet ref'd.) (mem. op., not designated for publication) (holding that State was not required to show that officer received "practitioner's certificate" as discussed in *Emerson* if shown officer was "certified," and noting other courts of appeals' opinions holding that certification was not required); *Singleton v. State*, 91 S.W.3d 343, 348 (Tex. App.—Texarkana 2002, no pet.) (concluding that trial court could determine that officer was expert based on his knowledge, skill, experience, training, or education despite evidence that he was not certified to perform SFSTs); *Smith v. State*, 65 S.W.3d 332, 344 (Tex. App.—Waco 2001, no pet.) (holding that *Emerson* does not require that expert be certified before his testimony on subject of HGN test will be admissible); *Kerr v. State*, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.) (refusing to interpret *Emerson* to require that expert must be certified).

testified at the trial in November 2007, Tucker possessed current certification as an SFST practitioner.

Appellant would have this Court extend *Emerson* to stand for the proposition that without a valid and current SFST practitioner certification at the time of administering the HGN test, a police officer cannot be qualified as an expert witness. Since Tucker held a current SFST practitioner certification at the time he administered the HGN test, appellant presents a complaint that is not supported by the record in this case. Since it is not presented by the instant case, we decline to entertain that argument. We hold that the trial court did not abuse its discretion in qualifying Tucker as an expert witness in HGN testing. We therefore overrule appellant's first issue.

***Officer Tucker's Administration of the HGN Test***

In his second issue, appellant complains that the trial court erred by admitting Officer Tucker's testimony related to HGN testing despite his deviations from the standardized testing procedure. To be considered reliable, evidence based on a scientific theory must satisfy three criteria: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been applied properly on the occasion in question. *Emerson*, 880 S.W.2d at 763 (citing *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992)). The HGN test therefore must satisfy the three requirements set forth in *Kelly* in order to be admissible under Texas Rule of Evidence 702. *Id*. At 764. Appellant is challenging the third criterion of the *Kelly* test by asserting that Tucker did not administer the HGN properly. Slight variation in administering the tests does not automatically undermine the admissibility of an individual's performance on the tests. *Hartman v. State*, 198 S.W.3d 829, 836

6

(Tex. App.—Corpus Christi 2006, pet. dism'd); *Plouff v. State*, 192 S.W.3d 213, 219 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Compton v. State*, 120 S.W.3d 375, 378 (Tex. App.—Texarkana 2003, pet. ref'd).

Nystagmus is defined as an involuntary rapid oscillation of the eyeballs in a horizontal, vertical, or rotary direction. *Emerson*, 880 S.W.2d at 765. Horizontal gaze nystagmus is a variety of nystagmus that occurs when an individual's eyes are deviated to the lateral extreme. *Id*. The effect of alcohol on nystagmus, specifically HGN, is well documented. *Id*. at 766. In determining whether a person's performance on the HGN test suggests intoxication, an officer must look for the following clues in each eye: (1) the lack of smooth pursuit; (2) distinct nystagmus at maximum deviation; and (3) the onset of nystagmus prior to forty-five degrees. *Compton*, 120 S.W.3d at 377 (citing Nat'l Highway Safety Admin., U.S. Dep't of Transp., *DWI Detection and Standardized Field Sobriety Testing Student Manual*). The clues are detected by administering the HGN test in three discrete portions. *Id*. at 378.

Tucker first testified concerning the portion of the HGN test checking for the lack of smooth pursuit. From the record, it appears that Tucker took longer than required by standard procedure and conducted that portion of the test three times instead of the required two. In *Compton*, the officer performed the test somewhat faster than required by standard procedure. 120 S.W.3d at 378. The court in *Compton* concluded that the variation in time did not invalidate the results. *Id*. Tucker testified that he deviated from the standard when administering the portion of the HGN test checking for distinct nystagmus at maximum deviation by holding the stimulus for less time than the required four seconds. Similarly, in *Compton*, the officer did not hold the stimulus for the required

7

four seconds.  *Id*.  Tucker testified that while checking for the onset of nystagmus prior to forty-five degrees, he stopped at about the thirty-five degree mark because he saw the onset of nystagmus.  Tucker noted that since the purpose of the test is to check for the onset of nystagmus, stopping once onset is noticed should not affect the validity of the test.  Tucker also testified that over the course of his career he had adapted the way he conducted the tests because he is left-handed.  Appellant points to no authority and nothing in the record suggesting that doing the tests in a "backwards" way would invalidate the results.  We hold that the trial court did not abuse its discretion in admitting the HGN evidence.[3]  We overrule appellant's second issue.

## CONCLUSION

The trial court did not abuse its discretion in denying appellant's motion to suppress. We affirm the judgment of conviction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   March 19, 2009

Do Not Publish

_____

[3]  This Court has reviewed the DVD recording of the stop, marked as State's Exhibit 5.  It is consistent with Officer Tucker's testimony.

8