BARRINEUA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-448-CR

VICKI JO BARRINEAU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Vicki Jo Barrineau of driving while intoxicated (DWI), and the trial court sentenced her to 180 days in jail and a $1000 fine, but suspended the imposition of the jail sentence and placed her on twenty-four months’ community supervision.  In three points on appeal, Appellant complains that the evidence at trial was legally and factually insufficient to support her conviction and that the trial court erred by allowing testimony of field sobriety tests.  We affirm.

Background Facts
 

Officer Jason Toth, an off-duty police officer, noticed a car being driven in a manner that he felt could injure someone.  He called 911 from his cellular phone and followed the car as it turned into the drive-through of a fast-food restaurant.  Shortly afterwards, on-duty Carrollton police officers arrived, and spoke with Appellant.  Officer Casaubon conducted three field sobriety tests on Appellant, and after the last field sobriety test was completed, he arrested her for DWI.  After Appellant was arrested, Officer Huckaby, who was at the scene with Officer Casaubon, inventoried Appellant’s car and found a half-cup of beer that was cold to the touch.  Thereafter, Appellant was taken to the police station, where she subsequently refused to take a breath test.  Appellant contends that she had normal use of her mental and physical faculties and was not intoxicated when she was arrested.  A trial on the merits was held before a jury on October 9, 2003, and Appellant pled not guilty.  The jury found Appellant guilty, and she appeals from that conviction.

Horizontal Gaze Nystagmus Test Evidence

In her first point, Appellant complains that the trial court erred by admitting evidence of the HGN test
(footnote: 2) because Officer Huckaby, the testifying witness, did not administer the test to Appellant, never testified that he was a certified practitioner of the HGN test, and never testified as to its underlying theory.  Therefore, Appellant argues, the requirements for the admissibility of the HGN test were not met.  Furthermore, Appellant complains that by improperly admitting hearsay testimony she was denied her rights under the confrontation clause of the Sixth Amendment of the United States Constitution.
(footnote: 3)  
We disagree.

We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).  If the court's decision falls outside the "zone of reasonable disagreement," it has abused its discretion. 
 Weatherred
, 15 S.W.3d at 542; 
Montgomery
, 810 S.W.2d at 391.

The Texas Court of Criminal Appeals first discussed the HGN test and approved it for admission into evidence in 
Emerson v. State
.  880 S.W.2d 759, 768 (Tex. Crim. App. 1994).  In that case, the court concluded that the theory underlying the HGN test and the technique employed in administering it were both sufficiently reliable to allow the test to be admissible under evidence rule 702. 
 Id
.; 
see also 
Tex. R. Evid
. 702.  In each individual case, however, the State still must show by expert testimony that the test was properly administered.  
See Emerson, 
880 S.W.2d at 769.  Accordingly, the results from the administration of the HGN test may be admitted at trial under the following circumstances: (1) the testifying officer qualifies as an expert witness regarding the test's administration and technique; (2) the officer administers the test properly; and (3) the results are not inadmissible for some other reason.  
Ellis v. State
, 86 S.W.3d 759, 760 (Tex. App.—Waco 2002, pet. ref'd) (citing 
Emerson
, 880 S.W.2d at 763, 769).

Appellant argues that the HGN results should not have been admitted by the trial court because Officer Huckaby never testified about his certification to perform this type of test, and, furthermore, the officer that did administer the test never testified and no testimony was proffered as to his qualifications to perform the HGN test.  On the other hand, the State contends that the requirements under 
Emerson
 were met because Officer Huckaby was qualified as an expert in the administration and technique of the HGN test.  Furthermore, the State argues that 
Emerson
 does not require the officer who performed the test to testify at trial or that the qualifications of the officer who performed the test be proven at trial.  Alternatively, the State argues that any error in admitting evidence on the results of the HGN test was harmless.

The question of whether a witness offered as an expert possesses the required qualifications rests largely in the trial court’s discretion, and absent a clear abuse of that discretion, the trial court’s decision to admit or exclude testimony will not be disturbed.  
Wyatt v. State
, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).  A law enforcement officer will qualify as an expert on HGN if he has received “practitioner certification” by the State of Texas.  
See Emerson
, 880 S.W.2d at 769.  However, that is not the exclusive means by which an officer may qualify as an expert.  
See Kerr v. State
, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.); 
Smith v. State
, 65 S.W.3d 332, 344 (Tex. App.—Waco 2001, no pet.).  If it is shown that the officer has extensive training and experience in administering the HGN test and has been certified through a training course specifically including the administration of the HGN test, the trial court does not abuse its discretion in allowing the officer to testify as an expert on the technique and administration of the test.  
See Kerr
, 921 S.W.2d at 502; 
Smith
, 65 S.W.3d at 344.

In this case, Officer Huckaby had seven years’ experience as a police officer and was working for the Carrollton police department on the date Appellant was arrested.  Contrary to Appellant’s argument, Officer Huckaby testified that he attended a standardized field sobriety testing class and was certified.  Moreover, Officer Huckaby stated that during his employment as a police officer, he personally conducted the standardized field sobriety test battery and had made arrests based upon those tests.  Although Officer Huckaby did not administer the three field sobriety tests in this case, he told the jury how the HGN test was administered and described the steps Officer Casaubon took to administer these tests to Appellant as the videotape of the incident was shown to the jury.

Although the record is not clear as to what organization provided Officer Huckaby’s training and certification and whether his certification was the “practitioner certification” referred to in 
Emerson
, our court and our sister courts have held officers could qualify as experts despite the lack of specific testimony that the officers were “practitioner certified” by the State.  
See Kerr
, 921 S.W.2d at 502 (officer received training at DPS training academy and other courses and was certified through the NHTSA); 
Smith
, 65 S.W.3d at 344 (twelve-year veteran officer received training at the police academy and certification through a course at Texas A & M University).  Two other courts have allowed officer testimony on HGN without regard to certification.  
See Singleton v. State
, 91 S.W.3d 342, 348 (Tex. App.—Texarkana 2002, no pet.) (concluding trial court could determine officer was an expert from his knowledge, skill, experience, and training despite evidence that officer is not certified);
 Lewis v. State
, 933 S.W.2d 172, 181 (Tex. App.—Corpus Christi 1996, pet ref’d) (concluding no error in allowing officer to testify regarding HGN based on statement from officer that he was a qualified expert in administering the test).

Next, Appellant argues that by allowing hearsay testimony of Officer Casaubon into evidence, she was denied her rights under the Confrontation Clause.  The State contends that Appellant has waived her confrontation claim by not objecting on that basis at trial.  Appellant objected on the grounds of 
Brady v. Maryland
(footnote: 4) 
and surprise when the State introduced the videotape of the field sobriety test.  During the playing of the tape, Appellant objected to Officer Huckaby’s opinion of what was contained on the tape.  Both objections were overruled.  We hold that Appellant failed to preserve error on Confrontation Clause grounds at trial.  
Tex. R. App. P. 
33.1; 
Paredes v. State
, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); 
Bunton v. State,
 136 S.W.3d 355, 369 (Tex. App.—Austin 2004, pet. filed).

Having examined the record in this case regarding Officer Huckaby’s qualifications as an expert on the technique and proper application of the HGN test and other field sobriety tests performed on Appellant, we hold that the trial court did not abuse its discretion in admitting his testimony.  We overrule Appellant’s first point.

Legal Sufficiency

In her second and third points, Appellant contends that the evidence is legally and factually insufficient to support her conviction of driving while intoxicated.  Specifically, she complains that the evidence is insufficient to show that she lost the normal use of her mental or physical faculties or that any such loss was due to the introduction of alcohol into her body.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Factual Sufficiency

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact-finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact-finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact-finder’s.  
Zuniga, 
144 S.W.3d at 482.

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Application of Law to Facts

In this case, Appellant was convicted of driving while intoxicated.  “A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.”  
See
 
Tex. Penal Code Ann
. § 49.04(a) 
(Vernon 2003). 
The definition of intoxication includes “not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . into the body.”  
See 
Tex. Penal Code Ann
. § 49.01(2)(A) (Vernon 2003).  Officer Toth, the off-duty officer who first saw Appellant, witnessed her make two or three circles in an intersection and then drive south in the northbound lanes.  He also testified that Appellant drove approximately a quarter of a mile or more in the northbound lane before crossing back over to the correct lane.  Additionally, he stated that she was driving ten to fifteen miles over the speed limit and weaving between the center lane and the left-hand lane without using a turn signal.

In addition, Officer Huckaby testified that when he arrived at the restaurant, he noticed that she slurred her speech and had problems balancing.  She also told officers that she had consumed four to five  beers during the day.  Officer Casaubon had Appellant perform several field sobriety tests at the scene.  Specifically, he administered the HGN, the one-leg stand, and the walk-and-turn tests.  The jury was able to view the videotape of the field sobriety tests given at the scene, and the videotape of Appellant when she arrived at the jail.  Furthermore, Officer Huckaby inventoried Appellant’s car after she was arrested and found a large, half-full cup of beer that was cold to the touch. Appellant also refused to take a breath test when she arrived at the station.  
See Finley v. State
, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d) (holding that a jury may consider refusal to give breath sample as evidence of person’s guilt).

Appellant argues that the videotapes of the field sobriety tests, and the testimony of Officer Huckaby regarding the videotapes and the tests he observed at the scene, should not have been admitted into evidence.  However, even improperly admitted evidence may be considered when reviewing the legal sufficiency of the evidence.  
See Wilson v. State
, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999).  Upon reviewing the evidence under the applicable standard of review, giving due deference to the fact-finder’s determinations, we hold that the evidence presented at trial is legally and factually sufficient to establish beyond a reasonable doubt that Appellant operated her car while intoxicated.  
See Zuniga v. State
, 144 S.W.3d 477, 481-82 (Tex. Crim. App. 2004); 
Denton v. State
, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995).  Accordingly, Appellant’s second and third points are overruled.

Conclusion

Having overruled Appellant’s three points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4. 

2:
When administering the HGN test, a law enforcement officer is trained to look for three "clues" in each eye.  Nystagmus is an involuntary, rapid, rhythmic movement of the eyeball that is exaggerated through the use of alcohol and certain other drugs; identification of four out of six clues serves as a reliable indicator of intoxication and can be used by the officer in determining whether to make an arrest.  
Compton v. State
, 120 S.W.3d 375, 377 (Tex. App.—Texarkana 2003, pet. ref'd). 

3:
U.S. Const. amend. VI.

4:
373 U.S. 83 (1963).