COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-448-CR
 
 
VICKI 
JO BARRINEAU                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Vicki Jo Barrineau of driving while intoxicated (DWI), 
and the trial court sentenced her to 180 days in jail and a $1000 fine, but 
suspended the imposition of the jail sentence and placed her on twenty-four 
months’ community supervision. In three points on appeal, Appellant complains 
that the evidence at trial was legally and factually insufficient to support her 
conviction and that the trial court erred by allowing testimony of field 
sobriety tests. We affirm.
Background 
Facts
        Officer 
Jason Toth, an off-duty police officer, noticed a car being driven in a manner 
that he felt could injure someone. He called 911 from his cellular phone and 
followed the car as it turned into the drive-through of a fast-food restaurant. 
Shortly afterwards, on-duty Carrollton police officers arrived, and spoke with 
Appellant. Officer Casaubon conducted three field sobriety tests on Appellant, 
and after the last field sobriety test was completed, he arrested her for DWI. 
After Appellant was arrested, Officer Huckaby, who was at the scene with Officer 
Casaubon, inventoried Appellant’s car and found a half-cup of beer that was 
cold to the touch. Thereafter, Appellant was taken to the police station, where 
she subsequently refused to take a breath test. Appellant contends that she had 
normal use of her mental and physical faculties and was not intoxicated when she 
was arrested. A trial on the merits was held before a jury on October 9, 2003, 
and Appellant pled not guilty. The jury found Appellant guilty, and she appeals 
from that conviction.
Horizontal Gaze 
Nystagmus Test Evidence
        In 
her first point, Appellant complains that the trial court erred by admitting 
evidence of the HGN test[2] because Officer Huckaby, 
the testifying witness, did not administer the test to Appellant, never 
testified that he was a certified practitioner of the HGN test, and never 
testified as to its underlying theory.  Therefore, Appellant argues, the 
requirements for the admissibility of the HGN test were not met.  
Furthermore, Appellant complains that by improperly admitting hearsay testimony 
she was denied her rights under the confrontation clause of the Sixth Amendment 
of the United States Constitution.[3] We disagree.
        We 
review a trial court's ruling to admit or exclude evidence under an abuse of 
discretion standard. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. 
App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 
1991) (op. on reh'g). If the court's decision falls outside the "zone of 
reasonable disagreement," it has abused its discretion. Weatherred, 
15 S.W.3d at 542; Montgomery, 810 S.W.2d at 391.
        The 
Texas Court of Criminal Appeals first discussed the HGN test and approved it for 
admission into evidence in Emerson v. State. 880 S.W.2d 759, 768 (Tex. 
Crim. App. 1994).  In that case, the court concluded that the theory 
underlying the HGN test and the technique employed in administering it were both 
sufficiently reliable to allow the test to be admissible under evidence rule 
702.  Id.; see also Tex. 
R. Evid. 702. In each individual case, however, the State still must show 
by expert testimony that the test was properly administered. See Emerson, 
880 S.W.2d at 769.  Accordingly, the results from the administration of the 
HGN test may be admitted at trial under the following circumstances: (1) the 
testifying officer qualifies as an expert witness regarding the test's 
administration and technique; (2) the officer administers the test properly; and 
(3) the results are not inadmissible for some other reason.  Ellis v. 
State, 86 S.W.3d 759, 760 (Tex. App.—Waco 2002, pet. ref'd) (citing Emerson, 
880 S.W.2d at 763, 769).
        Appellant 
argues that the HGN results should not have been admitted by the trial court 
because Officer Huckaby never testified about his certification to perform this 
type of test, and, furthermore, the officer that did administer the test never 
testified and no testimony was proffered as to his qualifications to perform the 
HGN test. On the other hand, the State contends that the requirements under Emerson 
were met because Officer Huckaby was qualified as an expert in the 
administration and technique of the HGN test.  Furthermore, the State 
argues that Emerson does not require the officer who performed the test 
to testify at trial or that the qualifications of the officer who performed the 
test be proven at trial. Alternatively, the State argues that any error in 
admitting evidence on the results of the HGN test was harmless.
        The 
question of whether a witness offered as an expert possesses the required 
qualifications rests largely in the trial court’s discretion, and absent a 
clear abuse of that discretion, the trial court’s decision to admit or exclude 
testimony will not be disturbed. Wyatt v. State, 23 S.W.3d 18, 27 (Tex. 
Crim. App. 2000).  A law enforcement officer will qualify as an expert on 
HGN if he has received “practitioner certification” by the State of Texas. See 
Emerson, 880 S.W.2d at 769. However, that is not the exclusive means by 
which an officer may qualify as an expert. See Kerr v. State, 921 S.W.2d 
498, 502 (Tex. App.—Fort Worth 1996, no pet.); Smith v. State, 65 
S.W.3d 332, 344 (Tex. App.—Waco 2001, no pet.).  If it is shown that the 
officer has extensive training and experience in administering the HGN test and 
has been certified through a training course specifically including the 
administration of the HGN test, the trial court does not abuse its discretion in 
allowing the officer to testify as an expert on the technique and administration 
of the test. See Kerr, 921 S.W.2d at 502; Smith, 65 S.W.3d at 344.
        In 
this case, Officer Huckaby had seven years’ experience as a police officer and 
was working for the Carrollton police department on the date Appellant was 
arrested. Contrary to Appellant’s argument, Officer Huckaby testified that he 
attended a standardized field sobriety testing class and was certified. 
Moreover, Officer Huckaby stated that during his employment as a police officer, 
he personally conducted the standardized field sobriety test battery and had 
made arrests based upon those tests. Although Officer Huckaby did not administer 
the three field sobriety tests in this case, he told the jury how the HGN test 
was administered and described the steps Officer Casaubon took to administer 
these tests to Appellant as the videotape of the incident was shown to the jury.
        Although 
the record is not clear as to what organization provided Officer Huckaby’s 
training and certification and whether his certification was the “practitioner 
certification” referred to in Emerson, our court and our sister courts 
have held officers could qualify as experts despite the lack of specific 
testimony that the officers were “practitioner certified” by the State. See 
Kerr, 921 S.W.2d at 502 (officer received training at DPS training academy 
and other courses and was certified through the NHTSA); Smith, 65 S.W.3d 
at 344 (twelve-year veteran officer received training at the police academy and 
certification through a course at Texas A & M University). Two other courts 
have allowed officer testimony on HGN without regard to certification. See 
Singleton v. State, 91 S.W.3d 342, 348 (Tex. App.—Texarkana 2002, no pet.) 
(concluding trial court could determine officer was an expert from his 
knowledge, skill, experience, and training despite evidence that officer is not 
certified); Lewis v. State, 933 S.W.2d 172, 181 (Tex. App.—Corpus 
Christi 1996, pet ref’d) (concluding no error in allowing officer to testify 
regarding HGN based on statement from officer that he was a qualified expert in 
administering the test).
        Next, 
Appellant argues that by allowing hearsay testimony of Officer Casaubon into 
evidence, she was denied her rights under the Confrontation Clause. The State 
contends that Appellant has waived her confrontation claim by not objecting on 
that basis at trial. Appellant objected on the grounds of Brady v. Maryland[4] and surprise when the State introduced the videotape of 
the field sobriety test. During the playing of the tape, Appellant objected to 
Officer Huckaby’s opinion of what was contained on the tape. Both objections 
were overruled. We hold that Appellant failed to preserve error on Confrontation 
Clause grounds at trial. Tex. R. App. 
P. 33.1; Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); Bunton 
v. State, 136 S.W.3d 355, 369 (Tex. App.—Austin 2004, pet. filed).
        Having 
examined the record in this case regarding Officer Huckaby’s qualifications as 
an expert on the technique and proper application of the HGN test and other 
field sobriety tests performed on Appellant, we hold that the trial court did 
not abuse its discretion in admitting his testimony. We overrule Appellant’s 
first point.
Legal 
Sufficiency
        In 
her second and third points, Appellant contends that the evidence is legally and 
factually insufficient to support her conviction of driving while intoxicated. 
Specifically, she complains that the evidence is insufficient to show that she 
lost the normal use of her mental or physical faculties or that any such loss 
was due to the introduction of alcohol into her body.
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State, 
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal 
sufficiency review, we may not re-evaluate the weight and credibility of the 
evidence and substitute our judgment for that of the fact-finder. Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000). We must resolve any inconsistencies in the evidence in favor 
of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 
2000).
Factual 
Sufficiency
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party. See 
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact-finder was rationally justified in 
finding guilt beyond a reasonable doubt. Id. at 484. There are two ways 
evidence may be factually insufficient: (1) the evidence supporting the verdict 
or judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt. Id. at 484-85. “This standard acknowledges that evidence of 
guilt can ‘preponderate’ in favor of conviction but still be insufficient to 
prove the elements of the crime beyond a reasonable doubt.” Id. at 485. 
In other words, evidence supporting a guilty finding can outweigh the contrary 
proof but still be insufficient to prove the elements of an offense beyond a 
reasonable doubt. Id.
        In 
performing a factual sufficiency review, we are to give deference to the 
fact-finder’s determinations, including determinations involving the 
credibility and demeanor of witnesses. Id. at 481; Cain v. State, 
958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not substitute our judgment 
for that of the fact-finder’s. Zuniga, 144 S.W.3d at 482.
        A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87. An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003).
Application of 
Law to Facts
        In 
this case, Appellant was convicted of driving while intoxicated. “A person 
commits an offense if the person is intoxicated while operating a motor vehicle 
in a public place.” See Tex. 
Penal Code Ann. § 49.04(a) (Vernon 2003). The definition of intoxication 
includes “not having the normal use of mental or physical faculties by reason 
of the introduction of alcohol . . . into the body.” See Tex. Penal Code Ann. § 49.01(2)(A) 
(Vernon 2003). Officer Toth, the off-duty officer who first saw Appellant, 
witnessed her make two or three circles in an intersection and then drive south 
in the northbound lanes. He also testified that Appellant drove approximately a 
quarter of a mile or more in the northbound lane before crossing back over to 
the correct lane. Additionally, he stated that she was driving ten to fifteen 
miles over the speed limit and weaving between the center lane and the left-hand 
lane without using a turn signal.
        In 
addition, Officer Huckaby testified that when he arrived at the restaurant, he 
noticed that she slurred her speech and had problems balancing. She also told 
officers that she had consumed four to five beers during the day. Officer 
Casaubon had Appellant perform several field sobriety tests at the scene. 
Specifically, he administered the HGN, the one-leg stand, and the walk-and-turn 
tests. The jury was able to view the videotape of the field sobriety tests given 
at the scene, and the videotape of Appellant when she arrived at the jail. 
Furthermore, Officer Huckaby inventoried Appellant’s car after she was 
arrested and found a large, half-full cup of beer that was cold to the touch. 
Appellant also refused to take a breath test when she arrived at the station. See 
Finley v. State, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, 
pet. ref’d) (holding that a jury may consider refusal to give breath sample as 
evidence of person’s guilt).
        Appellant 
argues that the videotapes of the field sobriety tests, and the testimony of 
Officer Huckaby regarding the videotapes and the tests he observed at the scene, 
should not have been admitted into evidence. However, even improperly admitted 
evidence may be considered when reviewing the legal sufficiency of the evidence. 
See Wilson v. State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999). Upon 
reviewing the evidence under the applicable standard of review, giving due 
deference to the fact-finder’s determinations, we hold that the evidence 
presented at trial is legally and factually sufficient to establish beyond a 
reasonable doubt that Appellant operated her car while intoxicated. See 
Zuniga v. State, 144 S.W.3d 477, 481-82 (Tex. Crim. App. 2004); Denton v. 
State, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). Accordingly, 
Appellant’s second and third points are overruled.
Conclusion
        Having 
overruled Appellant’s three points, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
When administering the HGN test, a law enforcement officer is trained to look 
for three "clues" in each eye. Nystagmus is an involuntary, rapid, 
rhythmic movement of the eyeball that is exaggerated through the use of alcohol 
and certain other drugs; identification of four out of six clues serves as a 
reliable indicator of intoxication and can be used by the officer in determining 
whether to make an arrest.  Compton v. State, 120 S.W.3d 375, 377 
(Tex. App.—Texarkana 2003, pet. ref'd).
3.  
U.S. Const. amend. VI.
4.  
373 U.S. 83 (1963).